Christopher M. McDermott (SBN 253411)
cmcdermott@piteduncan.com
Matthew R. Clark (SBN 271054)
mclark@piteduncan.com
Todd S. Garan (SBN 236878)
tgaran@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorney for Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A, and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>JAVIER GIRON AND BLANCA STELLA GIRON,<br><br>Debtors. | Case No. 11-32371<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**PRINCIPAL RESIDENCE:**<br>128 Belmont Ave,<br>South San Francisco, CA 94080 |

This Stipulation is entered into by and between Secured Creditor Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A, and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB ("Creditor"), by and through its attorneys of record, Pite Duncan LLP, and Javier Giron and Blanca Stella Giron, (the "Debtors"), by and through their attorney of record, Sunita Kapoor.

The property which is the subject of this matter is commonly known as 128 Belmont Ave, South San Francisco, CA 94080 (the "Subject Property").

/././

- 1 -    CASE NO. 11-32371
STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 11-32371    Doc# 176    Filed: 01/11/13    Entered: 01/11/13 09:26:14    Page 1 of 5

On April 6, 2006, Blanca Estela Giron ("Debtor"), for valuable consideration, made, executed and delivered to World Savings Bank, FSB ("Lender") an Adjustable Rate Mortgage Note in the principal sum of $521,400.00 (the "Note").

On April 6, 2006, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the Subject Property. The Deed of Trust was duly recorded on April 12, 2006, in the official records of the San Mateo County Recorder's office.

On or about December 31, 2007, Lender's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB.

On or about November 1, 2009, Lender converted to a national bank with the name Wells Fargo Bank Southwest, National Association. Additionally, effective November 1, 2009, Wells Fargo Bank Southwest, National Association merged with Creditor.

On or about June 24, 2011, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Northern District of California - San Francisco Division and were assigned bankruptcy case no. 11-32371.

**THE PARTIES STIPULATE TO THE FOLLOWING TREATMENT OF CREDITOR'S SECURED CLAIM:**

**A.     Debtor to Make Regular Payments and Pay Arrears Over Time.**

1.    As of January 8, 2013, the estimated arrears on Creditor's secured claim are $33,532.65 (the "Arrears"). To the extent the Arrears are determined to be other than as shown in this Stipulation, appropriate adjustments will be made as appropriate via an Amended Stipulation;

2.    Debtors will pay the entire amount contractually due under the Note by making all post-stipulation regular monthly payments commencing February 1, 2013, and by curing the Arrears, without interest, in sixty (60) equal monthly payments in the amount of $558.89, due the first day of each month, starting February 1, 2013, and continuing until all outstanding amounts owed under the Note and Deed of Trust are paid in full;

/./././

3. Debtors shall tender to Creditor regular monthly escrow payments for all advances made by Creditor for the maintenance of real property taxes and real property hazard insurance for the Subject Property. This amount is subject to change pursuant to the terms of the Note and Deed of Trust;

4. To the extent that Creditor has made any-post petition escrow advances for real property taxes or real property hazard insurance, Debtors shall cure said amounts on or before the Effective Date of the Plan;

5. Creditor shall not be required to release its lien on the Subject Property until all amounts due under the Note and this Stipulation are paid in full;

6. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's secured claim;

7. Creditor may not repossess or dispose of its collateral so long as Debtors are not in Material Default under the Plan (defined below);

**B. Remedies if Debtor Defaults in Performing the Plan.**

8. Creditor shall file a Motion for Relief From the Automatic Stay ("Motion for Relief") if Debtors default in performing under the terms of this Stipulation prior to the date of the entry of the order of confirmation;

9. In the event the Debtors default under this Stipulation and Creditor files a Motion for Relief, Debtors shall be required to pay the reasonable fees and costs associated with filing the Motion for Relief in order to cure the default;

10. The automatic stay of 11 U.S.C. §362 shall terminate on the earlier of the Plan's Effective Date or the fifteenth day following the date of the entry of the order of confirmation;

11. However, Creditor shall not take any action to enforce either the pre-confirmation obligation, the obligation due under the Plan, or the obligation due under this Stipulation, so long as Debtors are not in default under the Plan and this Stipulation;

/././

/././

/././

- 3 -     CASE NO. 11-32371
**STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**
Case: 11-32371    Doc# 176    Filed: 01/11/13    Entered: 01/11/13 09:26:14    Page 3 of 5

12. If the Debtors fail to make any payment, or to perform any other obligation required under this Stipulation, for more than 10 days after the time specified above for such payment or other performance, Creditor may serve upon Debtors and Debtors' attorney (if any) a written notice of Debtors' default. If Debtors fail within 30 days after the date of service of notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtors are in Material Default under the Plan;

13. In the event the Debtors default under this Stipulation and Creditor forwards a 30-day letter to Debtors, Debtors shall be required to pay reasonable costs and fees incurred for each default letter submitted in order to cure the default;

14. Upon Material Default, Creditor: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; and/or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies against the Subject Property including conducting a non-judicial foreclosure sale;

15. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and if the Debtors are in default under the terms of the Note, Creditor may file a Motion for Relief from the Automatic Stay to proceed with foreclosure actions against the Subject Property;

**C. Miscellaneous Provisions**

16. At the request of Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform to the provisions with this Stipulation;

/./././

/./././

/./././

/./././

/./././

17. The Debtors shall file an Amended Chapter 11 Plan incorporating the terms of this Stipulation. The terms of this Stipulation may not be modified, altered, or changed without the express written consent of Creditor. Any inconsistency between the Amended Plan and this Stipulation shall be resolved in favor of this Stipulation; and

18. Nothing in this Stipulation prevents Debtors from applying for a loan modification with Creditor.

**IT IS SO STIPULATED:**

Dated: 01/10/2013   _/s/ Sunita Kapoor_____
SUNITA KAPOOR
Attorney for the Debtors


PITE DUNCAN, LLP

Dated: ___1/11/12_____   _/s/ Matthew R. Clark_____
MATTHEW R. CLARK
Attorney for Creditor